# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT E. KOCHER,

    Plaintiff,

    v.

LARKSVILLE BOROUGH, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-11-2053

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant John Pekarovsky's ("Pekarovsky") Motion for Sanctions Against Plaintiff Scott Kocher ("Kocher") and Plaintiff's Counsel. (Doc. 77.) Pekarovsky requests sanctions be imposed against Kocher and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Pekarvosky contends that he requested Kocher to withdraw all claims against him at the close of discovery because the evidence of record failed to support any of the claims alleged against him in the Amended Complaint. Since Kocher refused to withdraw the claims, Pekarovsky requests sanctions in the form of his attorney's fees and costs incurred in defending this action be imposed on Kocher and his counsel.[1]

Kocher and his counsel oppose Pekarovsky's request for sanctions. Specifically, they maintain that Pekarovsky has failed to demonstrate that their conduct in this action justifies the application of sanctions under Rule 11. Because the Court finds the imposition of sanctions unwarranted and unnecessary in this case, Pekarovsky's motion for sanctions will be denied.

---

[1] Summary judgment was granted in Pekarovsky's favor after the instant motion for sanctions was filed. *See Kocher v. Larksville Borough*, - - - F. Supp. 2d - - -, 2013 WL 635246 (M.D. Pa. Feb. 20, 2013).

## I. Discussion

Rule 11(b) of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Sanctions imposed under Rule 11, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may "include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

In evaluating a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d

2

277, 297 (3d Cir. 2010). Sanctions under Rule 11 are "to be applied only 'in the exceptional circumstance' where a claim or motion is patently unmeritorous or frivolous." *Id*. (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). A district court is to consider a wide range of alternative possible sanctions for violations of Rule 11. *See Doering*, 857 F.2d at 194. And, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)).

The Court declines to impose sanctions against Kocher and his counsel as requested by Defendant Pekarovsky, *i.e.*, the attorney's fees and costs he incurred in defending this case. While reasonable attorney's fees and costs may be awarded under Rule 11, it is not meant to be "a general fee shifting device." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). Although little evidence was presented in this case implicating Pekarovsky in any actions which Kocher alleged violated his rights, *see generally Kocher v. Larksville Borough*, - - - F. Supp. 2d - - -, 2013 WL 635246 (M.D. Pa. Feb. 20, 2013), the conduct of Kocher's counsel does not rise to the level which necessitates the imposition of monetary sanctions. Moreover, the Court is confident that Kocher's counsel is cognizant of her obligations under Rule 11. Thus, no exceptional circumstances are presented in this case which warrant the application of Rule 11 sanctions.

## II. Conclusion

For the above stated reasons, Defendant John Pekarovsky's motion for sanctions will be denied.

An appropriate order follows.

| | |
|---|---|
| May 15, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

3