**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT E. KOCHER, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-11-2053 |
| v. | (JUDGE CAPUTO) |
| LARKSVILLE BOROUGH, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Plaintiff Scott Kocher's ("Plaintiff") Objections to the Clerk's Taxation of Costs. (Doc. 99.) Because the costs were properly taxed against Plaintiff, Plaintiff's objections will be overruled and the Clerk's taxation of costs against Plaintiff in the amount of $5,934.04 will be affirmed.

## I. Background

Plaintiff commenced this action against Defendants Larksville Borough, Joe Zawadski, Tony Kopko, and John Pekarovsky (collectively, "Defendants") on November 3, 2011. (Doc. 1.) Plaintiff asserted claims for First Amendment retaliation, Fourteenth Amendment deprivation of liberty interest in reputation, defamation, and false light invasion of privacy. (Doc. 6.)

Defendants moved for summary judgment following the close of discovery. Defendants' motion for summary judgment was granted on February 20, 2013. (Docs. 83; 84.) Judgment was entered in favor of Defendants on the First and Fourteenth Amendment claims, while the state law claims were dismissed without prejudice. (Doc. 84.)

On February 27, 2013, Defendants filed a Notice of Request to Tax Costs pursuant to Local Rule 54.5. (Doc. 85.) The same day, Plaintiff filed a Notice of Appeal of the February 20, 2013 Order granting Defendants' motion for summary judgment. (Doc. 86.) The United States Court of Appeals for the Third Circuit affirmed on December 10, 2013.

*See Kocher v. Larksville Borough*, - - - F. App'x - - -, 2013 WL 6439651, at *1 (3d Cir. Dec. 10, 2013). The Third Circuit issued its mandate on January 2, 2014. (Doc. 94.)

On January 8, 2014, Defendants docketed their Bill of Costs. (Doc. 95.) Defendants' Bill of Costs requested the Clerk to tax Plaintiff in the amount of $5,939.04, which consisted of $5,299.95 in fees for transcripts necessarily obtained for use in the case and $639.09 in witness fees. (*Id*.)

Plaintiff filed objections to the Bill of Costs on January 13, 2014. (Doc. 96.) Plaintiff requested that he be exempted from paying costs based on financial hardship. (*Id*. at ¶ 2.) Alternatively, Plaintiff argued that Defendants were only entitled to deposition costs for witnesses that were used to obtain summary judgment pursuant to *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, No. 99-309, 2009 WL 3153496 (D. Del. Sept. 30, 2009). (*Id*. at ¶ 5.) Plaintiff also objected to the payment of fees to witnesses whose testimony/transcripts were not used by Defendants in obtaining summary judgment. (*Id*. at ¶ 6.)

On January 15, 2014, the Clerk overruled Plaintiff's objections and ordered costs taxed against Plaintiff and in favor of Defendants in the amount of $5,934.04. (Docs. 97; 98.) The Clerk also noted that any party could appeal to the Court within seven days by filing a written specification of the items objected to and the grounds of objection. (Doc. 97.)

Plaintiff filed timely objections to the Clerk's Taxation of Costs on January 16, 2014. (Doc. 99.) On January 23, 2014, Defendants filed a brief in opposition to Plaintiff's objections. (Doc. 101.) Plaintiff's objections are now ripe for review.

**II. Discussion**

In objecting to the Clerk's Taxation of Cost, Plaintiff first argues that the Court should exercise its discretion to deny costs because he does not have the financial resources to pay the award. (Doc. 99, ¶¶ 3-5.) Plaintiff also objects to the Clerk's Taxation of Costs on the basis that the Clerk provided no explanation as to why *Honeywell Int'l, Inc. v. Hamilton*

*Sunstrand Corp.*, No. 99-309, 2009 WL 3153496 (D. Del. Sept. 30, 2009) does not apply to this case. (Doc. 99, ¶ 2.) Relying on *Honeywell*, Plaintiff argues that Defendants cannot recover costs for depositions that were not filed or used in obtaining summary judgment, nor can they recover the fees paid to those witnesses. (*Id*. at ¶¶ 7-8.) Plaintiff's objections are without merit and will be overruled.[1]

Plaintiff's request to be exempted from paying costs will be denied because he fails to establish that such an award would be inequitable under the circumstances. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs- other than attorney's fees- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a "strong presumption" that costs are to be awarded to the prevailing party. *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). "'Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" *Id*. (quoting *In re Paoli*, 221 F.3d at 462-63, 468). Significantly, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli*, 221 F.3d at 462-63 (citation omitted).

According to the Third Circuit:

a district court may consider the following factors in reviewing a clerk of court's costs award: (1) the prevailing party's unclean hands, bad faith, dilatory tactics,

---

[1] Plaintiff also suggests that Defendants failed to timely submit their Bill of Costs because it was filed more than ten months after summary judgment was granted. (Doc. 99, ¶ 1.) As noted by Defendants, Plaintiff filed a Notice of Appeal immediately after (and on the same day) Defendants filed their Notice of Taxation of Costs. And, six days after the mandate was issued by the Third Circuit, Defendants filed their Bill of Costs. Based on these circumstances, I reject Plaintiff's objection to the timeliness of the Bill of Costs.

>or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them. In contrast, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties.

*In re Paoli*, 221 F.3d at 468. The losing party's indigency or inability to pay is most important. *Id*. at 463. As such, "a party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." *Id*. at 464. Nevertheless, "if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." *Id*. (emphasis in original).

As noted, Plaintiff argues that he cannot afford to pay the award of costs.[2] The only evidence in the record which Plaintiff cites as support for his claimed inability to pay is a single statement in his affidavit: "[s]ince I still do not have a full-time job, I do not have the financial resources to pay for any sanction award." (Doc. 100, ¶ 6.) Plaintiff's claim, however, is unsubstantiated by any evidence of his income, savings, or living expenses. The record does not establish that Plaintiff is indigent, nor does it sufficiently demonstrate that Plaintiff lacks the ability to pay the full measure of costs. Thus, this case stands in stark contrast to the authority cited by Plaintiff. *See Sullivan v. Warminster Twp.*, No. 04-4447, 2013 WL 1934532, at *3 (E.D. Pa. May 9, 2013) (vacating the clerk's award of costs where the losing party suffered from PTSD which kept her from maintaining employment, she lived with her niece free of charge, she received only $360.00 per month through the Government's food stamp and cash assistance program, and she had no bank account). Denial of costs to the prevailing party in the circumstances presented here is not warranted.

---

[2] Plaintiff does not argue that Defendants acted improperly during the course of this litigation.

Plaintiff's objection based on *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, No. 99-309, 2009 WL 3153496 (D. Del. Sept. 30, 2009) will also be overruled.  Simply put, Plaintiff's reliance on *Honeywell* is puzzling.  There, the Clerk of Court denied the prevailing party's request for deposition costs.  *See Honeywell Int'l*, 2009 WL 3153496, at *1.  In affirming the denial of deposition costs, the United States District Court for the District of Delaware relied on District of Delaware Local Rule 54.1(b)(3), which provides, in part:

> The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable *only where a substantial portion of the deposition is used in the resolution of a material issue in the case*.  Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition.

*Id*. at *2 (emphasis added) (citing D. Del. R. 54.1(b)(3)).

In comparison, Middle District of Pennsylvania Local Rule 54.4(3) provides:

> **Deposition Costs.**  The reporter's charge for the original deposition and/or copy is taxable *whether or not the same is actually received into evidence*, and *whether or not it is taken solely for discovery,* regardless of which party took the deposition. . . . Fees for the witness at the taking of a deposition are taxable at the same rate as for attendance at trial.

M.D. Pa. L.R. 54.4(3) (emphasis added).

As *Honeywell* relies on a local rule materially different than Middle District of Pennsylvania Local Rule 54.4(3), *Honeywell* is inapplicable to the taxation of costs in this case.  And, because Local Rule 54.4(3) allows for taxation of deposition costs regardless of whether the deposition is received into evidence and regardless of whether the deposition was taken solely for discovery, the Clerk properly taxed against Plaintiff the costs for depositions of witnesses whose testimony was not cited by Defendants in obtaining summary judgment.

Lastly, Plaintiff's objection to taxation of deposition fees for witnesses whose testimony was not relied on by Defendants in securing judgment will also be overruled.  As cited above, Local Rule 54.4(3) states that witness fees for the taking of a deposition "are

taxable at the same rate as for attendance at trial." M.D. Pa. L.R. 54.4(3). Moreover, Local Rule 54.4(4) provides, in relevant part, that "[a]llowance of fees for a witness on deposition shall not depend on whether or not the deposition is admitted into evidence." M.D. Pa. L.R. 54.4(4). Accordingly, the costs of witness fees were properly taxed against Plaintiff.

### III. Conclusion

For the above stated reasons, Plaintiff's objections to the Clerk's Taxation of Costs will be overruled, and the Clerk's taxation of costs in the amount of $5,939.04 will be affirmed.

An appropriate order follows.


| March 6, 2014 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |